UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER SUE SIMPSON, )<br>       Plaintiff, )<br>v. )<br>JEANNE KLEBER, et al., )<br>       Defendants. ) | Cause No. 1:23-CV-469-HAB |

**OPINION AND ORDER**

This case presents a simple question: does a parent, rather than their child, have a claim against a school district and its employees for violations of the McKinney-Vento Act, 42 U.S.C. § 11431 *et seq*. ("Act")? Because Plaintiff can point to no case law answering that question in the affirmative, Defendants' motions to dismiss (ECF Nos. 41, 44) will be granted.

**I.    Factual Allegations**

Although couched in hyperbole and conspiratorial innuendo, the facts here are straightforward. Plaintiff and her son, P.C.S., became homeless in December 2022 after they were evicted from their apartment. The apartment was in the Southwest Allen County School district ("SACS"), and P.C.S. attended Homestead High School ("Homestead"), SACS's only high school. P.C.S. moved in with his grandmother, who lived in the Fort Wayne Community School district ("FWCS"). But, consistent with the Act, P.C.S. was permitted to remain enrolled at Homestead and was provided transportation to and from his grandmother's home to Homestead. In July 2023, SACS determined that P.C.S. no longer qualified for enrollment or services under the Act because of his grandmother's residence and referred P.C.S. for enrollment in a FWCS school. That decision was rescinded a month later, and P.C.S. was permitted to re-enroll at Homestead.

From these facts, Plaintiff filed a complaint in August 2023 in the Southern District of Indiana on behalf of herself, P.C.S., and similarly situated students. She alleged counts under 42 U.S.C. §§ 1983 and 1985, naming the Indiana Attorney General, the Secretary of the Indiana Department of Education, SACS, employees and administrators of SACS, SACS's technology provider, and an employee of FWCS.

## II.   Procedural Background

Because Plaintiff sought to file her complaint *in forma pauperis*, it was subject to screening under 28 U.S.C. § 1915(e)(2)(B). Judge Sweeney conducted that screening. (ECF No. 12). He concluded:

- Plaintiff could not bring a claim, pro se, on behalf of P.C.S.;
- Plaintiff failed to adequately allege a conspiracy under 42 U.S.C. § 1985(3);
- Plaintiff failed to adequately allege the personal involvement of the Indiana Attorney General, the Secretary of the Indiana Department of Education, or the Superintendent of SACS for an individual capacity claim under § 1983;
- Plaintiff failed to adequately assert substantive or procedural due process under the Fourteenth Amendment;
- Plaintiff failed to adequately allege an equal protection claim;
- Plaintiff failed to adequately allege an official capacity claim against SACS or its superintendent under § 1983;
- Plaintiff failed to adequately allege that PowerSchool Group, SACS's technology provider, acted under color of state law under § 1983; and
- Plaintiff failed to adequately allege a state-law claim for intentional infliction of emotional distress.

Each of these claims, then, was dismissed.

Judge Sweeney allowed Plaintiff to bring individual capacity claims under § 1983 against Jeanine Kleber, SACS's Liaison for Homeless Children, Jerilynne Boneff, SACS's Registrar, and Kyra Nolan[1], FWCS's Liaison for Homeless Children. That said, Judge Sweeney expressly permitted these claims to proceed "without prejudice to a proper Rule 12 motion." (ECF No. 12 at 10).

Judge Sweeney recused himself after attorneys from his former law firm appeared on behalf of the SACS employees.[2] (ECF No. 21). And, with the state defendants dismissed, the case was transferred to this Court. (ECF No. 23). Defendants then filed these motions to dismiss (ECF Nos. 41, 43), which are fully briefed. (ECF Nos. 42, 45, 58, 61, 62).

### III.   Legal Analysis

### A.   *Motion to Dismiss Standard*

Defendants have moved to dismiss this case under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual

---

[1] Nolan was incorrectly identified as "Mrs. Knowlin" in Plaintiff's complaint. This misidentification appears to come from an email sent to Plaintiff by Kleber.

[2] Plaintiff makes repeated, personal aspersions toward Judge Sweeney and the attorneys, accusing them of bias and violations of various professional codes. These accusations are unwarranted and unhelpful to Plaintiff's case.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. Rather, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987).

**B.**     ***Plaintiff has no Claim under the Act***

Defendants raise several defenses to the surviving allegations in Plaintiff's complaint. They argue: that the case is moot in light of P.C.S.'s re-enrollment at Homestead; that there is no private cause of action under the Act; that, if there is a private cause of action, that it belongs to P.C.S. and not Plaintiff; and that Defendants are entitled to qualified immunity. Without ruling on the remaining defenses, the Court concludes that it is enough to hold that Plaintiff has no cause of action under the Act.

The purpose of the Act is to "ensure that each child of a homeless individual and each homeless youth has equal access to the same free, appropriate public education, including a public preschool education, as provided to other children and youths." 42 U.S.C. § 11431(1). The Act achieves this goal by conditioning monetary grants (42 U.S.C. § 11432(c)(1)) on school districts taking certain steps to ensure that homeless children learn about, and can benefit from, their education rights under the Act (*id*. at (e)(3)). Plaintiff's suit is based on her allegations that SACS and FWCS failed to take the steps in subsection (e)(3).

The parties generally agree that some Courts, though outside the Seventh Circuit, have held that a private cause of action under § 1983 can be pursued for violations of the Act. *See*, *e.g.*, *Lampkin v. District of Columbia*, 27 F.3d 605 (D.C. Cir. 1994); *Holmes-Ramsey v. District of*

4

*Columbia*, 747 F. Supp. 2d 32 (D.D.C. 2010). But, Defendants note, those cases found a cause of action on behalf of the homeless child, not a parent. *Lampkin*, 27 F.3d at 607 (answering "in the affirmative" the question "whether homeless children can enforce the relevant provisions of [the Act] pursuant to section 1983"). As Defendants see it, no authority confers a cause of action on Plaintiff for violations of the Act, and this Court should not be the first to find the existence of such a claim.

Plaintiff does not meaningfully respond to this argument. Instead, she accuses Defendants of "falsifying the outcome" of *Lampkin* and, through their briefs, engaging in a "conspiracy and reckless-wanton denial of the Plaintiffs' clearly established 14th amendment [sic] civil rights." (ECF No. 59 at 25-26). While the latter accusation deserves, and will receive, no attention, the first warrants some discussion.

Plaintiff, a non-lawyer, simply misunderstands the holding in *Lampkin*. She identifies language from the end of the opinion stating that the Act "confers enforceable rights on its beneficiaries and the appellants may invoke section 1983 to enforce those rights." *Lampkin*, 27 F.3d at 612. She apparently believes herself to be a "beneficiary," noting that the Act mentions parents' rights "***twenty-six*** (26) times." (ECF No. 59 at 23) (original emphasis). Whether Plaintiff's count is accurate, *Lampkin* recognized that the beneficiaries of the Act are "homeless children." *Lampkin*, 27 F.3d at 610. Plaintiff may believe that she and other homeless parents are beneficiaries, entitled to enforce the Act, but no court agrees.

Nor does the Court find any language in the Act that supports a parental cause of action. Plaintiff focuses on 42 U.S.C. § 11432(e)(3)(C), specifically the subpart that requires semi-annual notices to parents and guardians of their rights under Act. (ECF No. 59 at 26-27). She makes special reference to the fact that those notices must be signed by "the PARENT." (*Id*. at 26)

(original emphasis). But what she does not do is point to any language that does anything but discuss the rights of homeless students. Indeed, the information that must be included in the (e)(3)(C) notice is "the choice of schools homeless children and youths are eligible to attend," "that no homeless child or youth is required to attend a separate school for homeless children or youth," "that homeless children and youths shall be provided with comparable services" as homed children, and "that homeless children and youths should not be stigmatized by school personnel." 42 U.S.C. § 11432(e)(3)(C). While a parent may have to sign this notice, it is a notice of student rights.

Perhaps the Seventh Circuit disagrees with this analysis. But if a new cause of action is to be announced, it is that court, not this one, that should do it. Plaintiff's complaint, which seeks to pursue a claim on her own behalf, is dismissed.

The only remaining question is whether Plaintiff will get a chance to replead. "Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). But courts have "broad discretion" to dismiss with prejudice "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

While Plaintiff repeatedly asks for leave to amend, she does not tell the Court what the scope of that amendment would be. And, given the Court's conclusion that Plaintiff has no cause of action under the Act, the Court can conceive of no non-futile amendment. The Court is mindful of the ordinary practice, but still concludes that dismissal with prejudice is appropriate.

### III. Conclusion

For these reasons, Defendants' motions to dismiss (ECF Nos. 41, 43) are GRANTED and this case is DISMISSED with prejudice.

SO ORDERED on September 10, 2024.

                                                 s/ *Holly A. Brady*
                                                 CHIEF JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT